**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

SANTOS ADALID LOPEZ RAMIREZ,

*Defendant.*

CIVIL ACTION NO.

## COMPLAINT

Plaintiff United States of America ("United States") hereby alleges as follows:

## PARTIES

1.    The United States brings this action on behalf of the Department of Homeland Security as an agency and instrumentality of the United States.

2.    Defendant Santos Adalid Lopez Ramirez ("Defendant"), during all relevant times, is an individual and noncitizen residing in the County of Gwinnett within this judicial district.

## JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked under 28 U.S.C. § 1345 in that the Plaintiff is the United States.

4.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1395(a) in that the events giving rise to the United States' claim occurred

in the Northern District of Georgia and because Defendant resides within the Northern District of Georgia.

## GENERAL ALLEGATIONS

5.      On January 23, 2025, an Immigration Judge entered a final order of removal against Defendant.  The order provided notice that a willful failure or refusal to depart from the United States pursuant to the order would subject Defendant to a civil monetary penalty for each day Defendant was in violation of the order.  A true and correct copy of the order is attached as Exhibit A.

6.      Pursuant to 8 C.F.R § 1003.37(a), the order was served on Defendant via U.S. Mail.  *See* Exhibit A at 4.

7.      Defendant thereafter has willfully failed or refused to depart from the United States in defiance of that order.

8.      Pursuant to 8 C.F.R. § 280.53(b)(14) and 90 FR 3, the penalty for Defendant's willful failure or refusal to depart is set at $998 per day for each day that he has willfully failed to refused to depart from the United States in defiance of the order.

9.      On or around May 31, 2025, U.S. Immigration and Customs Enforcement (ICE) sent a Notice of Intention to Fine Under the Immigration and Nationality Act (NIF) via certified mail.  A true and correct copy of the NIF is attached as Exhibit B.  A true and correct copy of the return receipt card is

2

attached as Exhibit C.

10. The NIF stated that Defendant had thirty (30) days from service of the NIF to submit a written defense setting forth the reasons why he believed a civil penalty should not be imposed. *See* Exhibit B.

11. The NIF was served by placing it in the U.S. Mail. *See* Exhibit B at 3.

12. A true and correct copy of the printout from the USPS website indicating when the NIF was received by the local post office is attached as Exhibit D. The printout indicates that the NIF was received by the local post office on May 31, 2025. *See* Exhibit D at 1. Service by mail of the NIF was "complete upon mailing." 8 C.F.R. § 103.8(b).

13. The NIF was delivered to Defendant on June 3, 2025. *See* Exhibit C.

14. Defendant did not respond to the NIF within the required time period.

15. A final order imposing the penalty was issued on June 27, 2025. It assessed a penalty of $105,788.00 against Defendant. A true and correct copy of the final order is attached as Exhibit E.

16. An invoice for the penalty amount was issued and sent to Defendant on or around July 1, 2025. A true and correct copy of the invoice is attached as Exhibit F.

17. Notice and demand for payment has been made upon Defendant by

3

the United States for the amount due, but the penalty remains unpaid.

18.     The total amount, principal plus interest on the civil monetary penalty, due to the United States as of September 1, 2025 was $106,686.47, with interest, penalties, and administrative costs accruing.  A true and correct copy of the Certificate of Indebtedness is attached as Exhibit G.

## **PRAYER FOR RELIEF**

### **(Civil Penalties for Failure to Depart - 8 U.S.C. § 1324d(a)**

19.     WHEREFORE, the United States prays for the following relief:

(a)  judgment against Defendant in the amount of $106,686.47 plus interest, penalties, and administrative costs that accrued between September 1, 2025 and the date of judgment and, thereafter, interest accruing at the legal rate pursuant to 31 U.S.C. § 3717; and

(b) for such other and further relief as the Court deems just and proper.

4

Respectfully submitted, this 11th day of September, 2025.

THEODORE S. HERTZBERG
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF GEORGIA

/s/NEELI BEN-DAVID
ASSISTANT U.S. ATTORNEY
NORTHERN DISTRICT OF GEORGIA
Georgia Bar No. 049788
600 U.S. Courthouse
75 Ted Turner Drive, SW, Suite 600
Atlanta, GA 30303
Phone: (404) 581-6000
Neeli.ben-david@usdoj.gov

*Counsel for United States of America*